# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHANIEL MCKINNON et al., on behalf of themselves and all similarly situated individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF MERCED,**<br><br>Defendant. | 1:18-cv-01124-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>(ECF No. 8) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

This matter concerns the case filed by Plaintiffs Nathaniel McKinnon, Courtney Bohanan, Edward Drum, Timothy Gaches, Joseph Perez, and Luis R. Solis ("Plaintiffs") seeking declaratory judgment on their own behalf, and on behalf of others similarly situated, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. On September 14, 2018, Defendant City of Merced ("Defendant" or "City of Merced") filed the instant motion to dismiss. ECF No. 8. Plaintiffs filed an opposition on October 10, 2018. ECF No. 12. Defendant filed a reply on October 17, 2018. ECF No. 15. The Court determined the matter to be suitable for decision on the papers under Local Rule 230(g), and took the motion under submission on October 19, 2018. ECF No. 17. For the following reasons, Defendant's motion is DENIED.

## III. REQUESTS FOR JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of a 2006 Department of Labor ("DOL") opinion letter and the DOL Wage and Hour Division Field Operations Handbook, Section 32d03h. ECF No. 8-2 at 1-2. Plaintiffs ask that the Court take judicial notice of portions of the transcript for a July 26, 2018, hearing on a motion for relief from a denial of summary judgment in *Lewis v. County of Colusa*, Case No. 2:16-cv-01745-VC, a July 26, 2018, minute order denying the defendant's motion for relief in the same case, and a 1999 DOL opinion letter. ECF No. 12-1 at 1-2.

Generally, when evidence outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), a court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). When, however, the evidence presented is a "matter[] of public record," the court may take judicial notice of adjudicative facts under Federal Rule of Evidence 201 without converting the Rule 12 motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). Rule 201 provides, in pertinent part, that a judicially noticed fact must be one

"not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is appropriate for records and "reports of administrative bodies." *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954). A court may take judicial notice of papers filed in federal or state courts, *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997), and court proceedings "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A court cannot take judicial notice of a fact that is subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

The DOL opinion letters from 1999 and 2006 and the DOL Field Operations Handbook are publicly available documents produced by the DOL, and as such are proper subjects of judicial notice. As the records of court proceedings directly related to this one, and as filings in a federal court, the materials from *Lewis v. Cty. of Colusa*, Case No. 2:16-cv-01745-VC, are also judicially noticeable. *See Farris v. Cty. of Riverside*, 667 F. Supp. 2d 1151, 1155 (C.D. Cal. 2009) (taking judicial notice of court documents). Therefore, Plaintiffs' and Defendant's motions for judicial notice are GRANTED, and the Court shall take notice of the aforementioned documents.

## IV. BACKGROUND

The following facts are drawn from the complaint in this action, and are accepted as true only for the purposes of ruling on the instant motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiffs are police officers and sergeants employed by Defendant City of Merced and are covered by the FLSA. ECF No. 2 ¶¶ 3, 9, 16-21. Pursuant to a Memorandum of Understanding ("MOU") between the City of Merced and the Merced Association of Police Sergeants and another MOU between the City of Merced and the Merced Police Officers Association, officers and sergeants employed by Defendant are entitled to overtime only after working 80 hours over a 14-day work period. *Id.* ¶ 9. Twelve holidays per year are designated for pay purposes. *Id.* ¶ 10. Sergeants and officers receive pay equal to their "straight time" hourly rate as "pay equal to and in lieu of time off" when a

holiday falls on a normally assigned day off or when the officer or sergeant is scheduled to work on that day. *Id.* ¶¶ 11-12; Ex. B at 9. Additionally, an officer or sergeant who is scheduled to work on a holiday is paid their straight time rate for each hour they actually work, for the first eight hours worked. *Id.* ¶ 11.

For the three years prior to the filing of the complaint in this action, Defendant has not included holiday pay in the calculation of Plaintiffs' regular rate of pay. *Id.* ¶ 14. Plaintiffs contend that the pay should have been included in the regular rate of pay, and Defendant's failure to do so has resulted in underpayments for overtime hours worked in violation of the FLSA. *Id.* ¶¶ 14, 26.

## V. **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted

4

unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## VI. <u>ANALYSIS</u>

Plaintiffs' claim for unpaid overtime is predicated on the allegation that Defendants improperly failed to include holiday pay when calculating Plaintiffs' regular rate, and therefore underpaid Plaintiffs for overtime based on that regular rate. Defendant moves to dismiss Plaintiffs' complaint, arguing that holiday pay was exempt from inclusion in Plaintiffs' regular rate of pay. ECF No. 8-1 at 5. While the regular rate of pay includes "all remuneration for employment paid to, or on behalf of, the employee," 29 U.S.C. § 207(2), Defendant contends that the payments at issue here fall within one of the FLSA's eight listed exemptions. ECF No. 8-1 at 6.

### A. <u>The FLSA</u>

The employer bears the burden of proving that an exemption to a FLSA requirement applies. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 207 (1966); *Cleveland v. City of Los Angeles*, 420 F.3d 981, 988 (9th Cir. 2005). Under the historical rule in the Ninth Circuit, the "FLSA is construed liberally in favor of employees; exemptions 'are to be narrowly construed against the employers seeking to assert them.'" *Cleveland*, 420 F.3d at 988 (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392

5

(1960)). The Supreme Court rejected this principle in a recent decision, holding that "the FLSA gives no 'textual indication' that its exemptions should be construed narrowly." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). Accordingly, courts "have no license to give [FLSA exemptions] anything but a fair reading." *Id.*; *see also Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 215-16 (2d. Cir 2018) (holding that while the Second Circuit "has traditionally construed FLSA exemptions narrowly," *Encino Motorcars* requires a court to "interpret each FLSA exemption the same way [it] would any other statutory provision—with full attention to its text"); *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018) ("The Supreme Court recently clarified that courts are to give FLSA exemptions 'a fair reading,' as opposed to the narrow interpretation previously espoused by this and other circuits."). Therefore, the Court must give the FLSA exemptions "a fair reading."

The FLSA requires that employers compensate non-exempt employees working more than 40 hours per week at an overtime rate that is no less that one and one-half times the "regular rate" of pay for that employee. 29 U.S.C. § 207(a)(1). The regular rate includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). Exempted from inclusion in the regular rate are payments which fall under one or more of eight specific exemptions. 29 U.S.C. § 207(e)(1)-(8). Among the payments exempted are:

> payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment.

29 U.S.C. § 207(e)(2).

Defendant argues that the plain text of the FLSA indicates that the holiday pay received by Plaintiffs fall squarely into the § 207(e)(2) exemption. ECF No. 5-1 at 6. The Court disagrees. Whether the § 207(e)(2) exemption applies here depends on whether the holiday payments at issue were for

6

"periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause," or, alternatively, whether they were "other similar payments to an employee which are not made as compensation for his hours of employment."[1] 29 U.S.C. § 207(e)(2). Based on the facts alleged in the complaint, the holiday payments are not related to periods when "no work is performed **due to** . . . holiday." When an officer does not work on a holiday, it is because the holiday falls on a scheduled day off, not because the officer is entitled to take the day off. That officer is idle, as he or she typically would be on a day off, but is paid for idle time that would normally go uncompensated on a scheduled day off. Conversely, an officer scheduled to work on a holiday does not receive the day off and works as usual, but is effectively paid twice for the day. While some officers receive holiday pay despite doing no work, others are required to work and receive holiday pay. Plaintiffs' holiday pay is simply not received, in some cases, for periods when no work is performed. Under the facts as alleged here, it is not clear whether the exemption for "periods when no work is performed" in § 207(e)(2) applies.

**B.     Department of Labor Interpretations of § 207(e)(2)**

The DOL has promulgated a series of interpretive bulletins in the Code of Federal Regulations interpreting "the meaning and application of the maximum hours and overtime pay requirements" of the FLSA. 29 C.F.R. § 778.1. The portion of the bulletin interpreting and applying § 207(e)(2) is found at 29 C.F.R. § 778.219. As a bulletin, and not a final agency regulation, 29 C.F.R. § 778.219 is entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1308 (10th Cir. 2011); *see also Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008) (holding that 29 C.F.R. § 778.113(a) is an interpretive bulletin and as such was entitled

---

[1] The DOL interprets the second clause as encompassing "a variety of miscellaneous payments are paid by an employer to an employee under peculiar circumstances." 29 C.F.R. § 778.224. That clause was also at issue in *Flores v. City of San Gabriel*, where the Ninth Circuit followed the DOL's interpretation that the inquiry is focused on whether a payment is properly characterized as compensation when determining whether it falls under the "other similar payments clause." 842 F.3d 890, 900 (9th Cir. 2016).

to *Skidmore* deference). *Skidmore* deference is more limited than the deference available under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under *Skidmore*, "the rulings, interpretations and opinions of [an agency], while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore*, 323 U.S. at 140. The weight to be afforded to such rulings, interpretation, and opinions varies based on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Id*.

The bulletin at 29 C.F.R. § 778.219(a) explains that, if an employee who is entitled to a paid holiday forgoes the holiday and works on that day, and is entitled to holiday pay regardless of whether he works or not on that holiday, that holiday pay is excluded from the regular rate. The DOL reasoned that "[p]ayments which are made for occasional periods when the employee is not at work due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause . . . are not made as compensation for his hours of employment." 29 C.F.R. § 778.218. "It is still not regarded as compensation for hours of work if he is otherwise compensated at his customary rate (or at a higher rate) for his work on such days." 29 C.F.R. § 778.219(a). Payment which is not compensation for work may not be included in overtime calculations. *Id*. In addition to the situation explicitly included in § 207(e)(2), where no work is performed due to holiday, then, the DOL interprets the § 207(e)2 exemption to include days where an employee "is entitled to" a paid idle holiday yet "foregoes" the holiday to work.

Under the DOL interpretive bulletin, the central question is whether holiday pay is compensation for work performed. This interpretation appears to draw on language in the "other similar payments" clause in §207(e)(2) that exempts, in addition to holiday pay, "other similar payments to an employee which are not made as compensation for his hours of employment." Presumably, the DOL reasoned that holiday pay to an employee who foregoes a day of rest is both equivalent to pay for periods when no

8

work is performed due to a holiday and is not made as compensation for hours actually worked.

The DOL interpretive bulletin specifically refers to employees who "forego" their paid holiday by working on a day they would otherwise have off. 29 C.F.R. 778.219(a). Assuming the DOL's interpretation of § 207(e)(2) to be correct, the question here is whether an employee scheduled to work on a certain holiday and with no option not to work on that day can be said to have foregone that holiday. For the DOL's interpretation to apply, an employee must "forego" a paid idle holiday. Based on the facts as alleged in the complaint, it is not apparent that Plaintiffs are in fact entitled to paid time off at the holidays which they are able to forego. Whether a particular employee will have idle time on a particular holiday is determined by the schedule, not a decision to forego or not forego the holiday. While some employees will be paid for a regularly scheduled day off, other employees will work without the option of either taking the day off or foregoing their paid idle time.

Plaintiffs and Defendant each point to a DOL opinion letter supporting their position. Agency interpretations contained in opinion letters, like interpretive bulletins, are "entitled to respect" under *Skidmore v. Swift*, 323 U.S. 134, 140 (1944), but only so far as the interpretations have the "power to persuade." *Id*. Plaintiffs rely on a 1999 opinion letter. ECF No. 12 at 7. In that letter, the DOL was posed the following question:

> Q.5. Fire fighters who work for City D on 24-hour shifts are not entitled to take holidays. Instead, they receive "in lieu of holiday pay." The fire fighters receive 5% of their base pay as "in lieu of holiday pay" each and every biweekly pay period. The fire fighter gets the 5% if he works the holiday, if he does not work the holiday and even if there is no holiday in the pay period. Thus, a fire fighter gets the same 5% added to each paycheck regardless of whether he works every holiday in the year or no holidays in the year. Under these circumstances, must the "in lieu of holiday pay" be included when calculating the regular hourly rate of pay?

U.S. Dept. of Labor, Wage & Hour Division, Opinion Letter Fair Labor Standards Act (FLSA), 1999 WL 1788163, at *2 (Sept. 30, 1999). The DOL answered in the affirmative, but with no explanation other than that "the 5% 'in lieu of holiday pay' must be included when calculating the employee's regular hourly rate of pay." *Id*. The 1999 Opinion Letter lacks "thoroughness evident in its

9

consideration," cutting strongly against its power to persuade under *Skidmore*, and the Court is not able to discern the basis for the interpretation in order to evaluate "the validity of its reasoning." *See Skidmore*, 323 U.S. at 140. Additionally, the structure of the holiday payment scheme described in the 1999 opinion letter is not similar to the one at issue in this case. As the 1999 opinion letter has minimal power to persuade in this case, it is not entitled any significant weight or deference.

Defendant argues that this situation is most akin to that described in a 2006 letter. ECF No. 8-1 at 8. In the 2006 letter, the DOL was asked to render an opinion as to whether the holiday pay received by firefighters would be exempted when calculating the firefighters' regular rate. U.S. Dept. of Labor, Wage & Hour Division, Opinion Letter Fair Labor Standards Act (FLSA), FLSA2006-18NA, 2006 WL 4512960, at *1 (July 24, 2006). Firefighters received pay for nine recognized holidays and two floating holidays in a lump sum, and were compensated at their customary rate for work performed when, "[o]n occasion, a firefighter might forego taking a holiday." *Id*. The DOL concluded that the holiday pay was exempt under the FLSA because it satisfied the requirements for exclusion under 29 C.F.R. § 778.219. *Id*. at *2.

The 2006 opinion letter described its scenario with more detail than the 1999 letter. It explains the number of holidays per year, the use of "floating holidays," and when payment for holidays occurs each year. However, the 2006 opinion letter does not address in any detail what the meaning of "forego" should be. As Defendant notes, the letter's "rational [*sic*] does not hinge on the 'forego' language." ECF No. 15 at 7. There is no information in the scenario as to whether the firefighters described were scheduled to work on holidays, and no apparent dispute over whether the firefighters would "forego" taking a holiday by working. The central issue in this case is simply not at issue in the 2006 opinion letter. Accordingly, it offers little guidance.

Defendant also cites to the DOL Wage and Hour Division Field Operations Handbook (the "Handbook"). ECF No. 8-9. The Ninth Circuit has stated that "it does not appear to us that the [Handbook] is a proper source of interpretive guidance." *Probert v. Family Centered Servs. Of Alaska,*

10

*Inc.*, 651 F3d 1007, 1012 (9th Cir. 2011) (citing *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000)). The Handbook itself warns that it "[i]s not used as a device for establishing interpretive policy." *United States Department of Labor, Wage and Hour Division Field Operations Handbook*, https://www.dol.gov/whd/FOH/index.htm (last accessed Dec. 12, 2018). In support of considering the Handbook, Defendant cites only to an older, unpublished, Eleventh Circuit case. ECF No. 15 at 8 (citing *Abel v. Southern Shuttle Servs., Inc.*, 301 F. App'x 856, 859 (11th Cir. 2008). Accordingly, the Court will abide by Ninth Circuit precedent and not consider the Handbook.

**C.     Other Courts' Applications of § 207(e)(2)**

Plaintiffs provide several district court cases from California which have held that the exemption in § 207(e)(2) does not apply to holiday payments. The most recent decision, *Lewis v. County of Colusa*, Case No. 2:16-cv-01745-VC, 2018 WL 1605754 (E.D. Cal. Apr. 2, 2018), involved a scheme in which the employer county paid employees for "'for any hours worked on the holiday at their regular rate of pay (plus premium overtime, if applicable),' and then it pays them a lump sum equal to eight hours at their regular rate, often months later, regardless of whether the employee worked on the holiday." *Id.* at *1. The court in *Lewis* determined that the employer had not carried its burden to show that the payments there at issue were subject to the exemption because it was "at least as plausible that [the employees] are compensated biannually for the inconvenience of working a schedule in which they are not entitled to holidays off as it is that they are for 'occasional periods when' they are 'not at work due to . . . holiday.'" *Id.* at *3. To reach this conclusion, the court focused on a collective bargaining agreement which "suggests that, if a safety officer or dispatcher does not work on a holiday, it is either because she is not scheduled to work on that day or because she decided to take vacation or leave time – in other words, not 'due to' the holiday per se." *Id.* at *2. "The holiday in-lieu payments, which are the same whether the employee happens to work on the holiday or not, thus bear no real relation to any idle time." *Id.*

Defendant distinguishes *Lewis* on the grounds that it was decided under a Ninth Circuit rule that

FLSA provisions should be narrowly construed, which has since been rejected by the Supreme Court, and the conclusion reached in *Lewis* is no longer good law. ECF No. 8-1 at 11-12; ECF No. 15 at 3. The Supreme Court in *Encino Motorcars* struck down the rule that FLSA exemptions should be "narrowly construed" and mandated that the law receive a "fair reading." 138 S. Ct. at 1142. While the court in *Lewis* applied the now outdated "narrowly construed" standard in reaching its decision, the arguments it considered and conclusions it reached while doing so retain their power to persuade. Defendant also argues that the *Lewis* court used the rule of narrow construction as a tiebreaker. ECF No. 15 at 3. In fact, the *Lewis* court explained that, because the statute was susceptible to two equally plausible interpretations, the employer had failed to carry its burden. *Lewis*, 2018 WL 1605754, at *3. When two arguments are in equipoise, the party carrying the burden loses. *See Dir., Office of Workers' Compensation Programs, Dept. of Labor v. Greenwich Collieries*, 512 U.S. 267, 275-76 (1994).

Defendant also argues that *Lewis* is inapposite to this case because of factual dissimilarities. In *Lewis*, employees received biannual lump sum holiday payments, while in the instant matter holiday pay was included in checks for the pay period during which the holiday occurred. This is a distinction without relevance to the determination. The court in *Lewis* based its decision not on the timing of the holiday pay, but rather on the facts that the holiday pay plan did not create any right to take time off and the payments were the same whether or not an employee had any idle time. *Lewis*, 2018 WL 1605754 at *2. From those facts, the *Lewis* court concluded that "it is at least as plausible" that employees were compensated for working a schedule that did not provide for guaranteed holiday idle time as it was the payments were for periods of idleness due to a holiday. *Id.* at *3. The fact that the payments in *Lewis* were biannual was not a factor in the decision, and so the fact that the employees here are paid vacation benefits according to a different schedule does not undermine the applicability of *Lewis* to the facts of this case.

Plaintiffs also cite *Hart v. City of Alameda*, No. C-07-5845 MMC, 2009 WL 1705612 (N.D. Cal. June 17, 2009). *Hart* concerned city employees who received compensation for holidays as a portion of

12

their biweekly paychecks throughout the year. *Id*. at *1. The compensation was paid without regard to whether a holiday occurred during that pay period. *Id*. at *2. This payment scheme could conceivably result in an employee who works a partial year being undercompensated or overcompensated for the number of holidays that actually occur during their term of employment. *Id*. Since the payments were decoupled from actual holidays on which employees work or do not work, the court concluded that the additional compensation were not payments made "due to" a holiday and the § 207(e)(2) exemption did not apply. *Id*. at *3.

As Defendant argues, the holiday payment scheme at issue in *Hart* is different from the one currently before the Court. ECF No. 8-1 at 10. The system reviewed in *Hart* spread holiday payments out over the entire year, while the holiday pay in this case is distributed after each holiday occurs. It was the spreading-out of holiday pay that primarily motivated the *Hart* court's conclusion that holiday payments were not made due to a holiday, and accordingly the Court determines that *Hart* is of little value as persuasive precedent.

A prior case from this district, *Amador v. County of Ceres*, No. 1:17-cv-00552, 2017 WL 3009186 (E.D. Cal. July 14, 2017), involved the payment of lump sum amounts for unused holiday leave. *Id*. at *3. The court stated that while § 207(e)(2) would normally apply to an unused leave buyback system, plaintiffs' additional allegations that the use of holiday leave "was further restricted in practice" were sufficient to defeat a motion to dismiss. *Id*. Specifically, there were allegations that employees could only take their holiday leave on city-designated holidays or could not take leave when not scheduled to work on a certain holiday. *Id*. Accordingly, the court concluded that the employer had not met its burden to show the exemption applied. *Id*. Though the instant case does not involve a leave buyback program, Plaintiffs' use of holiday leave here is far more restricted.

Courts in other circuits have also occasionally considered whether a holiday pay scheme comes within the § 207(e)(2) exemption. In *Scott v. City of New York*, 592 F. Supp. 2d 475 (S.D.N.Y. 2008), the court determined that the question of whether § 207(e)(2) applied turned on "whether an officer must

13

work on a particular holiday." *Id*. at 483. Accordingly, § 207(e)(2) was found to not apply when officers were ordered to work on a particular day while other employees had a paid holiday. *Id*. It did apply to holiday payments attributable to days on which officers did not work or chose not to work. *Id*.[2] The court in *White v. Publix Super Markets, Inc.*, No. 3:14-cv-1189, 2015 WL 4949837 (M.D. Tenn. Aug. 19, 2015), considered a holiday pay program in which employees received a lump sum payment, but the employer withheld the holiday pay from any employee who was scheduled on the holiday, or the day before or after the holiday, and did not work those hours. *Id*. at *4. Having considered Department of Labor regulations, Department of Labor opinion letters from 1983 and 1985, the court concluded that the employer had not met its burden of showing that the exemption applied. *Id*. at *6-7. The Court reasoned that, because "many employees are scheduled and *required* to work,", the holiday pay did not qualify as having been made for a period where no work was performed due to a holiday. *Id*. (italics in original).

Unlike the DOL interpretive materials, *Lewis* and *Scott* both address the specific scenario here, that is, whether holiday pay to employees who are not free to choose whether or not to work on a holiday is exempt under § 207(e)(2) of the FLSA. Both courts reached the conclusion that the holiday pay schemes were at least plausibly exempt. Defendant has not offered, and the Court is not aware of, any courts that have reached the opposite conclusion under similar facts. The Court concludes that the reading of § 207(e)(2) in the aforementioned cases is in accordance with the text of the statute.

Defendant argues that the holiday pay structure represents a bargained for arrangement wherein employers and employees have collectively arrived at a deal which allows employees to have some holidays on and some holidays off, depending on scheduling, and to receive extra pay for all holidays. ECF No. 15 at 4. Defendant provides no authority to support its claim that an arrangement arrived at

---

[2] Defendant argues that *Scott* does not apply because it concerned whether holiday pay may be credited against overtime. ECF No. 15 at 6. The question in that case was whether the § 207(e)(2) exemption applied to a holiday pay scheme. There is no reason that the analysis should be different for overtime credits versus for inclusion in the regular rate.

14

through collective bargaining is subject to a less searching or different inquiry under the FLSA. Moreover, this line of argument would suggest that employees negotiated for holiday pay in exchange for having to work a schedule that does not offer guaranteed holiday idle time. This indicates that the holiday pay is more like compensation for working an undesirable schedule that does not include guaranteed holiday time off than a payment similar to those received when no work is performed due to holiday. This possibility is buttressed by the Memorandum of Understanding, which describes the pay for holidays, whether worked or not, as "pay equal to and in lieu of time off." ECF No. 2 at 25 (Ex. B at 9). This wording suggests that the additional holiday pay is a substitute for an absolute right to time off, rather than an entitlement.

Under facts as alleged here, Plaintiffs are required to work on at least some holidays. Those are not occasions when no work is performed by Plaintiffs due to a holiday. Plaintiffs are not able to forego their paid holiday on those days because they are not entitled to a paid day of rest. Pursuant to the Court's interpretation of the FLSA and the relevant authority as discussed above, the holiday pay attributable to those occasions where Plaintiffs work on a holiday does not fall within the boundaries of § 207(e)(2), and the exemption in that section does not apply.

## VII. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED**
**Dated: December 17, 2018**

             **/s/ Lawrence J. O'Neill**
            **Chief United States District Judge**