# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| NATHANIEL MCKINNON, COURTNEY BOHANAN, EDWARD DRUM, TIMOTHY GACHES, JOSEPH PEREZ, LUIS R. SOLIS, et al., on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MERCED,<br><br>Defendant. | Case No.: 18-cv-01124-LJO-SAB<br><br>Complaint Filed: August 17, 2018<br><br>**ORDER REQUIRING SUPPLEMENTAL FILING RE STIPULATION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION UNDER 29 U.S.C. SECTION 216(B) FOR PURPOSES OF FACILITATING NOTICE** |

Before the Court for consideration is the City of Merced ("City") and Plaintiffs Nathaniel McKinnon *et al.*'s ("Plaintiffs") (collectively the "Parties") stipulation, requesting conditional certification of this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for purposes of facilitating notice. ECF No. 28.

Collective actions under the FLSA are governed by Section 216(b) of the United States Code, which provides, in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Neither the FLSA nor the Ninth Circuit has defined "similarly situated," within the context of the FLSA.

District courts in the Ninth Circuit employ a two-step approach to collective actions. *E.g.*, *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 422 (N.D. Cal. 2015); *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627 (E.D. Cal. 2009); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466-67 (N.D. Cal. 2004). As the district court in *Saravia*

1

explained:

> In the first step of this approach, the issue is whether the putative collective should be given notice of the action. This determination "is usually made under a fairly lenient standard and typically results in conditional class certification." [*Leuthold*, 224 F.R.D. at 466-67]. The second stage occurs when discovery is complete and the case is ready to be tried. The party opposing collective certification may then move for decertification. [¶] . . . [I]n the first stage . . . . district courts simply evaluate whether there is "some factual basis beyond the mere averments in their complaint for the class allegations." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007)[ ].

310 F.R.D. at 422. In determining whether plaintiffs have met this standard, courts need not consider evidence provided by defendants. *Kress*, 263 F.R.D. at 628.

Here, no party has submitted any evidence in connection with this stipulation. Although Defendant does not object to conditional certification, this does not absolve the Court of its responsibility to examine the factual record. *See, e.g., Leverett v. Primestar Painting, Inc.*, No. 18-10238, 2018 WL 3013660, at *2 (E.D. Mich. June 14, 2018) (evaluating whether potential opt-in plaintiffs are similarly situated by examining record to determine whether "plaintiff has made the required modest factual showing," even where parties stipulated to conditional certification). Therefore, the record must be supplemented with some factual showing, beyond the mere allegations in the Complaint, to justify conditional certification.

## **CONCLUSION AND ORDER**

For the reasons set forth above:

(1) On or before June 14, 2019, Plaintiff shall supplement the record with evidence to support conditional certification, or, alternatively, shall file a document indicating it does not intend to supplement the record; and

(2) The Court will hold the stipulation in abeyance until the June 14, 2019 deadline expires.

IT IS SO ORDERED.

Dated: **May 30, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE