UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| NATHANIEL MCKINNON, COURTNEY BOHANAN, EDWARD DRUM, TIMOTHY GACHES, JOSEPH PEREZ, LUIS R. SOLIS, et al., on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MERCED,<br><br>Defendant. | Case No.: 18-cv-01124-LJO-SAB<br><br>Complaint Filed: August 17, 2018<br><br>**ORDER FACILITATING NOTICE PURSUANT TO 29 U.S.C. SECTION 216(B)** |

Before the Court for consideration is the City of Merced and Plaintiffs Nathaniel McKinnon, et al.'s stipulation requesting conditional certification of this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for purposes of facilitating notice. ECF No. 28. The Court has reviewed the stipulation and attached proposed notice, ECF No. 28 & 28-1, filed May 29, 2019, along with the supplemental information filed June 14, 2019. ECF No. 32. In light of *Campbell v. City of Los Angeles*, 903 F. 3d. 1090 (9th Cir. 2018), cited in the June 14, 2019 filing, the Court finds that the allegations in the Complaint support conditional certification of a collective action under the FLSA and therefore finds that good cause exists to issue an order pursuant to said stipulation. Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Court hereby conditionally certifies this lawsuit as a collective action under 29 U.S.C. section 216(b) for purposes of facilitating notice. The FLSA collective action group shall consist of all current and former non-exempt employees of the City who worked without regard to holidays, received holiday in lieu payments, and worked statutory overtime within the same work period they received holiday in lieu pay at

any time from the earlier of 1) three years prior to the date each individual first appeared in the action as a plaintiff or 2) three years prior to May 22, 2019, for each individual who receives a collective action notice and opts in during the agreed upon opt-in period, and excluding current and former members of the City's Fire Unit.

2. Plaintiff, Nathaniel McKinnon, shall be appointed collective action representative. Plaintiffs' counsel Messing Adam & Jasmine LLP, shall serve as counsel for the collective class.

3. The proposed Notice submitted by the Parties and a copy of which is attached as Exhibit A ("Notice" or "Notices"), is deemed fair and accurate.

4. Notification of this action to potential collective action group members in the manner set forth in subsections (a) through (d) below is appropriate:

    a. Notification shall be made by sending the Parties' Notice to all current and former non-exempt employees of the City who have not yet appeared in the lawsuit as plaintiffs and who have worked without regard to holidays, received holiday in lieu payments, and worked statutory overtime within the same work period they received holiday in lieu pay at any time from three years prior to May 22, 2019, excluding current and former members of the City's Fire Unit. Such individuals shall be collectively referred to as "Putative Collective Action Members."

    b. The City shall administer the notification process and will send the Notices by first class mail to all Putative Collective Action Members within thirty (30) days from the date of this Order.

    c. Within seven (7) days after all such Notices are sent, the City shall provide Plaintiffs' counsel a list of all Putative Collective Action Members' names notified with the certification of compliance and a declaration setting forth the classifications covering individuals who were provided with Notice.

    d. A putative plaintiff shall have sixty (60) days from the postmark date of the Notice to file a Consent To Join with this Court.

5. The Parties having stipulated to focus their activities in the next few months on issues

directly related to the voluntary resolution of the claims asserted in the lawsuit, formal discovery is ordered stayed for a period of 8 months from the date of this Order ('Stay Period"). During the Stay Period, each side will endeavor to voluntarily provide any relevant information that the other side may request in attempting to reach a voluntary resolution of the claims. However, nothing in this Order shall preclude any Party from seeking an order permitting formal discovery during the Stay period upon application to this Court and a showing of good cause.

IT IS SO ORDERED.

Dated: **June 19, 2019**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3
Proof of Service
8896800.1 ME015-028